# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * *
RYAN LARSEN, Natural Father, and  \*
SAMANTHA GLOVER, Natural Mother,  \*
on behalf of D.L., a Minor,  \*
　　　　　　　　　　　　　　　　　　\*　No. 19-56V
　　　　　　　　　Petitioners,　　　\*　Special Master Christian J. Moran
　　　　　　　　　　　　　　　　　　\*
v.　　　　　　　　　　　　　　　　　\*
　　　　　　　　　　　　　　　　　　\*　Filed: August 29, 2023
SECRETARY OF HEALTH　　　　　　　  \*
AND HUMAN SERVICES,　　　　　　　　\*
　　　　　　　　　　　　　　　　　　\*
　　　　　　　　　Respondent.　　　 \*
* * * * * * * * * * * * * * * * * * * * * * *

Kathy Ann Lee, Christie Farrell Lee & Bell, P.C., Indianapolis, IN, for Petitioner;
Madelyn Weeks, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On August 29, 2023, the parties filed a joint stipulation concerning the petition for compensation filed by Ryan Larsen and Samantha Glover, on behalf of D.L., on January 11, 2019. Petitioners allege that the Hepatitis A and Influenza Quadrivalent vaccinations D.L. received on September 23, 2016 caused D.L. to suffer from Guillain-Barré syndrome ("GBS"). Petitioners further allege that D.L.'s symptoms persisted for more than six months. Petitioners represent that there has been no prior award or settlement of a civil action for damages on D.L.'s behalf as a result of D.L.'s alleged injury.

Respondent denies that the vaccines caused D.L. to suffer from GBS.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. A lump sum of **$8,788.37**, representing reimbursement of a lien for services rendered by the Indiana Health Coverage Programs to D.L., in the form of a check payable jointly to petitioners and Indiana Health Coverage Programs for **$8,788.37**:

> Indiana Medicaid – TPL
> P.O. Box 7262
> Indianapolis, IN 46207-7262
> Member ID: 106236084599

Petitioners agree to endorse this check to Indiana Medicaid.

b. A lump sum of **$38,161.78**, representing reimbursement of a lien for services rendered by Anthem Insurance Companies Inc., to D.L., in the form of a check payable jointly to petitioners and Carelon for **$38,161.78**:

> Carelon
> P.O. Box 659940
> San Antonio, TX 78265-9939
> Client No: G2001SSINZZ -186110

Petitioners agree to endorse this check to Carelon.

c. An amount of **$110,000.00** to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company")

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.²

**IT IS SO ORDERED**.

---

² Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

s/Christian J. Moran
Christian J. Moran
Special Master

Case 1:19-vv-00056-UNJ   Document 138   Filed 09/20/23   Page 3 of 10

3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RYAN LARSEN, Natural Father, and SAMANTHA GLOVER, Natural Mother, on behalf of D.L., a minor,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 19-56V<br>Special Master Moran<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, D.L., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to D.L.'s receipt of the hepatitis A ("Hep A") and influenza ("flu") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. D.L. received the Hep A and flu vaccines on September 23, 2016.

3. The vaccines were administered within the United States.

4. Petitioners allege that D.L. suffered from Guillain-Barré syndrome ("GBS") as a result of the vaccines and that he experienced the residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of D.L. as a result of his condition.

6. Respondent denies that that the vaccines caused D.L. to suffer from GBS or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $8,788.37,[1] representing reimbursement of a lien for services rendered by the Indiana Health Coverage Programs to D.L., in the form of a check payable jointly to petitioners and Indiana Health Coverage Programs for $8,788.37:
>
> Indiana Medicaid – TPL
> P.O. Box 7262
> Indianapolis, IN 46207-7262
> Member ID: 106236084599

Petitioners agree to endorse this check to Indiana Medicaid.

> b. A lump sum of $38,161.78,[2] representing reimbursement of a lien for services rendered by Anthem Insurance Companies Inc., to D.L., in the form of a check payable jointly to petitioners and Carelon for $38,161.78:

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that Indiana Health Coverage Programs may have against any individual as a result of any Medicaid payments made to or on behalf of D.L. as a result of his alleged vaccine-related injury suffered on or about on September 23, 2016, under Title XIX of the Social Security Act. *See* 42 U.S.C. § 300aa-15(g),(h).

[2] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that Anthem Insurance Companies Inc., may have against any individual as a result of any Medicaid payments made to or on behalf of D.L. as a result of his alleged vaccine-related injury suffered on or about on September 23, 2016, under Title XIX of the Social Security Act. *See* 42 U.S.C. § 300aa-15(g),(h).

Carelon
P.O. Box 659940
San Antonio, TX 78265-9939
Client No: G2001SSINZZ - 186110

Petitioners agree to endorse this check to Carelon.

c. An amount of $110,000.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   b. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   c. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   d. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   e. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of D.L., pursuant to which the Life Insurance Company will agree to make annuity payments to D.L. for all other damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

Beginning March 10, 2033, $20,652.58 per year for 10 years certain.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $110,000.00. In the event that the cost of the annuity set forth above varies from $110,000.00, the annuity payment set forth above shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $110,000.00. Should D.L. predecease payment of any

3

of the certain annuity payments set forth above, said payments shall be made to his estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of D.L.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of D.L. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioners represent that they presently are, or if necessary will become, duly authorized to serve as guardians of D.L.'s estate under the laws of Indiana.

17. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of D.L., on behalf of themselves, D.L., and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of D.L. resulting from, or alleged to have resulted from, the vaccinations administered on September 23, 2016, as alleged in a petition for vaccine compensation filed on or about January 11, 2019, in the United States Court of Federal Claims as petition No. 19-56V.

18. If D.L. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines caused D.L. to suffer GBS or any other injury or his current disability, or that D.L. suffered an injury contained in the Vaccine Injury Table.

23. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns.

Respectfully submitted,

**PETITIONER:**

*/s/ Ryan Larsen*
RYAN LARSEN

**PETITIONER:**

*/s/ Samantha Glover*
SAMANTHA GLOVER

**ATTORNEY OF RECORD FOR PETITIONERS:**

*/s/ Kathy Lee*
KATHY A. LEE, ESQ.
CHRISTIE FARRELL LEE & BELL, P.C.
951 North Delaware Street
Indianapolis, IN 46202-3377
Tel: (317) 488-5500
Email: kathy@cflblaw.com

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

by Henry P. Mcmillan -S3
Digitally signed by Henry P Mcmillan -S3
Date: 2023.08.01 16:04:43 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Heather L. Pearlman*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Madelyn E. Weeks*
MADELYN E. WEEKS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 451-7312
Madelyn.e.weeks@usdoj.gov

Dated: 8/29/2023

7