# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| RYAN LARSEN, Natural Father, and SAMANTHA GLOVER, Natural Mother, on behalf of D.L., a Minor, | * * * * |
| Petitioners, | * No. 19-56V |
| | * Special Master Christian J. Moran |
| v. | * |
| | * Filed: November 15, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * *

<u>Kathy Ann Lee</u>, Christie Farrell Lee & Bell, P.C., Indianapolis, IN, for Petitioner;
<u>Madelyn Weeks</u>, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioners Ryan Larsen and Samantha Glover, on behalf of minor, D.L., motion for final attorneys' fees and costs. They are awarded **$225,318.60**.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioners has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

\* \* \*

On January 11, 2019, petitioners, Ryan Larsen and Samantha Glover, on behalf of D.L., filed for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioners alleged that the Hepatitis A and Influenza Quadrivalent vaccinations D.L. received on September 23, 2016, caused D.L. to suffer from Guillain-Barré syndrome ("GBS"). On August 29, 2023, the parties filed a joint stipulation in which the undersigned adopted as his decision on the same day. 2023 WL 6147091.

On January 19, 2024, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). Petitioners request attorneys' fees of $163,575.30 and attorneys' costs of $75,140.12, for a total request of $238,715.42. Fees App. at 2. Pursuant to General Order No. 9, petitioners warrants that they have not personally incurred any costs related to the prosecution of their case. Fees. App. Ex. 7 at 1. Respondent deferred to the undersigned's assessment, submitting its generic response. Resp't's Resp., filed Feb. 1, 2024.

\* \* \*

Because petitioners received compensation, they are entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioners requests the following rates of compensation for the work of their counsel Kathy A. Lee: $350.00 per hour for work performed from 2017, $380.00 per hour for work performed in 2018, $388.00 per hour for work performed in 2019, $404.00 per hour for work performed in 2020, $424.00 per hour for work performed in 2021, $466.00 per hour for work performed in 2022, and $508.00 per hour for work performed in 2023. Petitioner also requests the following rates: for legal nurse consultant Shelley K. Horstman: $125.00 per hour for work performed in 2017, $132.00 per hour for work performed in 2018, $135.00 per hour for work performed in 2019, and $140.00 per hour for work performed in 2020; and for paralegal Barbara A. Sharp, $125.00 per hour for work performed in 2017, $132.00 per hour for work performed in 2018, $135.00 per hour for work performed in 2019, $140.00 per hour for work performed in 2020, $147.00 per hour for work performed in 2021, $153.00 per hour for work performed in 2022, and $168.00 per hour for work performed in 2023.

The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what the undersigned has previously awarded to Kathy Lee and staff for their Vaccine Program work. Beyers v. Sec'y of Health & Human Servs., No. 17-1406V, 2022 WL 20402684 (Fed. Cl. June 28, 2022). Accordingly, the requested hourly rates are reasonable, subject to reduction in number of hours below.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be largely reasonable; however, a reduction is necessary due to excessive time spent drafting briefs and hearing preparation.

Petitioner billed 66.6 attorney and paralegal hours drafting the pre-hearing brief (totaling $22,255.20), 19.2 attorney hours drafting a GBS brief (totaling $8,140.80), 69.8 hours on hearing preparation (totaling $32,526.80), and 21 attorney hours attending the two-day hearing (totaling $9,786.00). See Fees App. Ex. 2 at 29-42. Overall, at first glance, the amount of time spent on these activities seemed relatively high in the undersigned's experience. On November 14, 2024, a telephonic status conference was held to give petitioner's counsel an opportunity to provide additional detail to support the reasonableness of her billing.

At the status conference, Attorney Lee explained that this case was difficult and contested by respondent from the beginning. Ms. Lee stated that this was the first pre-hearing brief she had done in this type of case, she was the only attorney working on this case (having to do all of her own research and writing), and she was trying to do the best job she could for D.L. Ms. Lee highlighted the length of petitioner's pre-hearing brief and number of citations, as well as the length and number of citations of respondent's brief. Regarding the GBS brief, Ms. Lee reiterated that this case was medically technical and complex, and she did her best considering she had never done this type of briefing. Ms. Lee explained her brief-writing process, but then conceded that this process may not have been the most efficient, and also noted that her billing entries could have been more descriptive. Finally, regarding hearing preparation, Ms. Lee explained that she did outlines for opening statements, each witness, and cross examinations. Ms. Lee explained that part of her preparation process is thinking and analyzing the best approach to presenting the evidence. Ms. Lee also noted that she should have listed more specific details in the billing entries regarding hearing preparation.

The undersigned recognizes and appreciates counsel's hard work in achieving resolution in this case. The crux of the issue here is that of the amount of time spent on working on a case must be consistent with counsel's experience and corresponding billing rate. An attorney may not combine relatively high hourly rates with a relatively large number of hours. A relatively high hourly rate is warranted when an attorney possesses knowledge and experience to work relatively quickly. But, if the attorney must spend relatively large amounts of time learning about the subject matter of the litigation, then the reason for the premium hourly rate is lost. See Barclay v. Sec'y of Health & Human Servs., No. 07-605V, 2014 WL 2925245, at *6 (Fed. Cl. Spec. Mstr. Feb. 7, 2014) (finding that spending approximately 80 hours in continued work on expert reports, approximately 44

hours in writing a pretrial brief, approximately 44 hours in preparing for and participating in the hearing, and approximately 55 hours for writing one post-hearing brief was not reasonable); see also Broekelschen v. Sec'y of Health & Human Servs., No. 07-137V, 2011 WL 2531199, at *4 (Fed. Cl. Spec. Mstr. June 3, 2011) ("A consequence of [an experienced attorney's] high hourly rate is an expectation that [the attorney] works efficiently" and thus the time he or she "spends on certain tasks will be less than the amount of time a less experienced attorney would spend"), motion for review denied, 102 Fed. Cl. 719 (2011). In this case, for an attorney with Ms. Lee's experience (and rate), the amount of time she billed for brief writing and hearing preparation was not reasonable.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." Fox v. Vice, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). In the experience of the undersigned, counsel's billing will be reduced as follows: 20% reduction for the pre-hearing brief, 10% reduction for the GBS brief, and a 25% reduction for hearing preparation.[2] The undersigned will not reduce any time billed for attending the hearing. The total reduction to the requested attorneys' fees is **$13,396.82**.[3] Therefore, petitioners are awarded final attorneys' fees in the amount of $150,178.48.

  C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioners request a total of $75,140.12 in attorneys' costs. Fees App. Ex. 6 at 1. These costs are comprised of acquiring medical records, postage, the Court's filing fee, and travel expenses related to the hearing. Id. Petitioner has provided adequate documentation supporting the requested advanced costs and all are reasonable in the undersigned's experience. The requested costs also include $68,461.40 in expert and mediation fees, including $40,313.40 for Dr. Yuval Shafrir (including a $2,000.00 retainer fee), $22,000.00 for Dr. Lisa Smith, and $6,148 for mediation services provided by former Special Master Gary Golkiewicz. Id. at 1, 23, 26-28, 34-36.

---

[2] Alternatively, the number of hours could have been kept constant and the hourly rate reduced for these tasks.

[3] ($22,255.20 x 20% = $4,451.04) + ($8,140.80 x 10% = $814.08) + ($32,526.80 x 25% = $8,131.70) = $13,396.82

Petitioners request an hourly rate of $450.00 per hour for the work of Dr. Shafrir, and $600.00 per hour to testify at the hearing. This amount is consistent with what Dr. Shafrir has been previously compensated, and the hours he billed in this case are reasonable. Schwarz v. Sec'y of Health & Human Servs., No. 18-619V, 2023 WL 7220173, at *6 (Fed. Cl. Spec. Mstr. Sept. 25, 2023). Additionally, petitioners request an hourly rate of $464.00 per hour for half of the mediation services provided by former Chief Special Master Gary Golkiewicz. This amount is also consistent with what Mr. Golkiewicz has been previously compensated, and the hours he billed in this case are reasonable. Stuart v. Sec'y of Health & Human Servs., No. 16-940V, 2024 WL 3913518, at *3 (Fed. Cl. Spec. Mstr. July 12, 2024).

Finally, petitioners request $22,000.00 for Dr. Lisa Smith's expert services. Fees App. Ex. 6 at 34. Based on the valuable testimony provided by Dr. Smith at the hearing, and the amount of time and effort spent on this case, in the undersigned's experience, the amount requested by Dr. Smith is reasonable and will be awarded in full.

Petitioners are therefore awarded final attorneys' costs of $75,140.12.

D.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$225,318.60** (representing $150,178.48 in attorneys' fees and $75,140.12 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioners and petitioners' counsel, Ms. Kathy A. Lee.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.